UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRETT LYON, an individual,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NEUSTAR, INC., a Delaware corporation, and DOES 1-50, inclusive,<br><br>　　　　　　　　　Defendants. | Case No. 2:19-cv-00371-KJM-KJN<br><br>TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION |

Plaintiff Barrett Lyon ("Plaintiff") having applied e*x parte* for a Temporary Restraining Order based on Rule 65 of the Federal Rules of Civil Procedure, Civil Local Rule 231, and the Standing Orders of this court; and the court having considered plaintiff's *Ex Parte* Motion, the memorandum of points and authorities and declarations filed in support thereof ("*Ex Parte* Papers"), defendant's opposition memorandum, the parties' oral arguments during the telephonic hearing held on March 12, 2019, and good cause appearing, hereby FINDS as follows:

　　　1.　　Plaintiff is a California resident who at all relevant times has lived and worked in California, including during the time period in which he worked for defendant Neustar, Inc. ("Defendant");

1
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

2. By letter dated February 28, 2019, defendant threatened to commence an arbitration in Loudon County, Virginia, on March 4, 2019 (the "Arbitration") due to alleged violations of restrictive covenants in the 2016 employment agreement between plaintiff and defendant, as modified by the parties' 2018 separation agreement;

3. On March 2, 2019, plaintiff filed his Complaint in this court seeking, among other things, a declaration that provisions in the employment agreement as modified are invalid under California law;

4. On March 6, 2019, defendant filed its Petition to Compel Arbitration in the Eastern District of Virginia (the "Petition");

5. For the reasons articulated by the court on the record in a bench order issued earlier on this day, plaintiff has established he is likely to prevail on the merits of his claim that the contractual provisions seeking to compel plaintiff to litigate or arbitrate outside of California are void and unenforceable under California law;

6. For the reasons articulated by the court in its bench order, plaintiff has established he will suffer immediate and irreparable harm unless defendant is temporarily restrained from pursuing its Arbitration and Petition in Virginia. Specifically, unless defendant is temporarily restrained, defendant will do immediate and irreparable damage to the court's ability to grant effective relief to plaintiff, and to plaintiff's rights under California law to not be compelled to litigate outside of California; and

7. Weighing the equities and considering plaintiff's likelihood of success in his argument that he cannot be compelled to litigate or arbitrate outside of California, a Temporary Restraining Order ("TRO") and Order to Show Cause ("OSC") regarding preliminary injunction are proper.

/////
/////
/////
/////
/////

**ORDER**

**I. INJUNCTION OF ACTIONS**

IT IS THEREFORE ORDERED that defendant is hereby temporarily restrained and enjoined from:

1. Taking any action, making any requests or appearances, or seeking in any way to continue to litigate its Petition and Arbitration, save and except for requesting dismissal or stay of those actions.

2. Filing any new Petitions to Compel Arbitration in any jurisdiction under the auspices of any non-competition and non-solicitation provisions.

3. This Order is issued as of **March 13, 2019, at 11:20 a.m.**

**II. HEARING**

IT IS FURTHER ORDERED that defendant shall appear on **April 9, 2019, at 10:00 a.m.** to show cause why a preliminary injunction should not issue, restraining and enjoining defendant in the manner set forth in this order or as other requested by plaintiff in full preliminary injunction briefing.

IT IS FURTHER ORDERED that the parties shall meet and confer and file a stipulated briefing schedule in anticipation of the April 9, 2019 hearing, with the last brief to be filed with the court no later than noon on April 5, 2019.

**III. EXPIRATION**

IT IS FURTHER ORDERED that this order shall expire upon the completion of the hearing on the Order to Show Cause why a Preliminary Injunction Should not Issue or as otherwise ordered by the court.

DATED: March 13, 2019.

_____
UNITED STATES DISTRICT JUDGE